**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BALINDA DAVIS,                         Case Number: 07-CV-13011
                                       HON. ARTHUR J. TARNOW
    Petitioner,                    UNITED STATES DISTRICT JUDGE

v.

SUSAN DAVIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING**
**THE PETITION FOR WRIT OF HABEAS CORPUS**

Balinda Davis, ("Petitioner"), currently on parole supervision with the Michigan Department of Corrections, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction and sentence on operating a vehicle while intoxicated, third offense, M.C.L. 257.6256D. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner pled guilty to the above offense as part of a plea agreement. Petitioner was sentenced to 40-60 months. Petitioner's conviction was affirmed on appeal. *People v. Davis,* No. 273564 (Mich.Ct.App. November 14, 2006); *lv. Den.* 477 Mich. 1058; 728 N.W. 2d 456 (2007).

Petitioner now seeks a writ of habeas corpus on the following grounds:

*Davis v. Davis,* U.S.D.C. No. 07-CV-13011

I. The trial court abused its discretion by departing from the sentencing guidelines using reasons already calculated to justify the departure.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

*Davis v. Davis,* U.S.D.C. No. 07-CV-13011

### III.  Discussion

In her sole claim for relief, petitioner contends that the trial court's sentence of 40-60 months incarceration violated the principle of proportionality, because her sentence of 40-60 months exceeded the sentencing guidelines range of 7-23 months contained in the Michigan Sentencing Guidelines. Petitioner further contends that the trial court did not offer a proper reason for departing above the sentencing guidelines range.

A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741; 68 S. Ct. 1252, 1255; 92 L. Ed. 1690 (1948).  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).

Furthermore, the U.S. Constitution does not require that sentences be proportionate.  In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. Successful challenges to the proportionality of a particular sentence in non-capital cases are  "exceedingly rare". *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).  Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole.

*Davis v. Davis,* U.S.D.C. No. 07-CV-13011

*See Seeger v. Straub*, 29 F. Supp. 2d 385, 392 (E.D. Mich. 1998).

Petitioner's claim that the state trial court incorrectly scored or calculated her sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished); *See also Adams v. Burt,* 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007)*; McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining her sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would likewise not entitle her to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating her guideline score or in departing above her sentencing guidelines range alone would not merit habeas relief. *Id.*

*Davis v. Davis,* U.S.D.C. No. 07-CV-13011

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  February 18, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 18, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager